10-2840-cr(L)
United States v. Rodriguez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

PRESENT: JOHN M. WALKER, Jr.,
         RICHARD C. WESLEY,
         PETER W. HALL,
                  *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

                  *Appellee*,

         -v.-                          Nos. 10-2840-cr (L),
                                       10-3104-cr (con)

LUIS RODRIGUEZ,

                  *Defendant-Appellant.*

———————————————————————

FOR APPELLANT:      Michael A. Young, New York, NY.

FOR APPELLEE:       David C. James, Robert L. Capers and
                    Licha M. Nyiendo, Assistant United States
                    Attorneys, *for* Loretta E. Lynch, United
                    States Attorney for the Eastern District
                    of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Trager, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Defendant-appellant Luis Rodriguez appeals from an August 2, 2010 judgment of conviction entered by the United States District Court for the Eastern District of New York (Trager, *J.*), following a jury trial and the district court's denial of Rodriguez's motion for a new trial. Rodriguez was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; two counts of murder in furtherance of a drug conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A); two counts of murder through use of a firearm, in violation of 18 U.S.C. § 924(j)(1), and using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

On appeal, Rodriguez maintains that (1) the government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); (2) there was insufficient evidence to support his convictions; (3) the district court erred in

2

allowing him to represent himself; (4) the district court erred in denying Rodriguez's motion to have a witness psychiatrically evaluated; and (5) a cooperating witness perjured himself.  The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Fed. R. App. P. 34(a)(2)(C).  We assume the parties' familiarity with the facts and procedural history of the case.

A district court's denial of a motion for a new trial is reviewed for abuse of discretion.  *United States v. Wong*, 78 F.3d 73, 78 (2d Cir. 1996).  The district court in this case concluded that no new trial was merited under *Brady*.  Under *Brady*, "'the suppression by the prosecution of evidence . . . violates due process'" if the evidence is favorable to the accused, the evidence was willfully or inadvertently suppressed by the prosecution, and the suppression results in prejudice.  *United States v. Douglas*, 525 F.3d 225, 244-45 (2d Cir. 2008) (quoting *Brady*, 373 U.S. at 87).  The suppression of immaterial evidence, even if it

is favorable to the accused, does not violate *Brady*. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). To demonstrate materiality, the accused must show that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. at 435. Although suppressed information need not itself constitute admissible evidence, it must at least "potentially lead[] to admissible evidence favorable to the defense." *United States v. Rodriguez*, 496 F.3d 221, 226 n.4 (2d Cir. 2007).

Rodriguez's *Brady* challenge is based on a number of statements by government informants suggesting that one of the people whose murder was the subject of this case was killed by someone other than Rodriguez's co-conspirators and for a different reason. The district court analyzed these statements in detail in reference to a similar motion brought by Miguel Santos, one of Rodriguez's co-defendants, *see United States v. Santos*, No. CR-01-537, 2010 WL 2985913, at *5-9 (E.D.N.Y. July 27, 2010), *aff'd United States v. Santos*, No. 10-3218-cr, 2012 WL 2298887, at *2-3 (2d Cir. June 19, 2012), and cited this reasoning when denying Rodriguez's motion. In our view, the district court

4

correctly concluded in *Santos* that "none of the informants' statements would be admissible at trial or could possibly lead to admissible evidence [because t]hey are all hearsay or speculation." *Id.* at \*6. In addition, substantial corroborating evidence, including telephone records and ballistic evidence, linked Santos and Rodriguez to the shooting. *Id.* at \*7. Contrary to Rodriguez's arguments, the court's ruling depended on its qualitative analysis of the evidence rather than the timing of Santos's trial, and thus the reasoning from *Santos* was properly applied in Rodriguez's case as well. There was no abuse of discretion in the court's ruling that the government's failure to disclose the informants' statements did not merit a new trial.

Rodriguez's challenge to the sufficiency of the evidence is reviewed *de novo*. *United States v. Abu-Jihad*, 630 F.3d 102, 134 (2d Cir. 2010). He maintains that evidence regarding a particular amount of stolen money, which allegedly represented the proceeds from a particular quantity of cocaine, was insufficient to establish that cocaine was the drug involved. The focus of the indictment, however, was not on the particular transaction yielding the

money at issue but on the general activities of the organization, and the money obtained was not the only evidence indicating that the conspirators were involved with cocaine. There was also testimony regarding the purchase and transport of cocaine, and the testimony must be taken as true in a challenge to sufficiency of the evidence. *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002).

The Sixth Amendment guarantees defendants the right to represent themselves at trial so long as "that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver." *United States v. Tracy*, 12 F.3d 1186, 1191 (2d Cir. 1993) (citing *Faretta v. California*, 422 U.S. 806, 835-36 (1975)). In determining whether a waiver was adequate, "[w]e need not analyze the district court's every word, so long as the record as a whole demonstrates that the defendant knowingly and intelligently waived [his] right to counsel." *Torres v. United States*, 140 F.3d 392, 401 (2d Cir. 1998). In this case, the record reflects that the district court engaged in repeated discussions with Rodriguez regarding his choice over the course of four separate status conferences, warned him about the potential practical difficulties of conducting

a trial, and strongly counseled against waiving his right to counsel because it was possible that the government would seek the death penalty.  Rodriguez repeatedly assured the court that he wanted to control his representation and the arguments that were advanced on his behalf.  In addition, not only had Rodriguez been through another federal criminal trial before this one, but he had chosen to represent himself during his previous sentencing as well.  The district court did not err in concluding that Rodriguez "understood [his] rights, knew [his] options, was aware of the risks and voluntarily waived [his] right to counsel." *See Torres*, 140 F.3d at 401.

We have considered all of Rodriguez's remaining arguments and find them to be without merit.[*]  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*]Rodriguez's perjury claim fails.  Rodriguez has offered no evidence that Medina did not believe his plea was valid or that he faced a maximum sentence of life imprisonment-especially as Medina's plea agreement states that his maximum possible sentence was life imprisonment. Accordingly, even if Medina's plea is invalid under *Smith v. United States*, 360 U.S. 1 (1959), there is no basis for finding that Medina committed perjury.

7