*United States v. Rodriguez*

# In the
# United States Court of Appeals
## For the Second Circuit

---

August Term, 2024
No. 24-1569

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

LUIS RODRIGUEZ,
*Defendant-Appellant.*

---

On Appeal from an Order of the United States District Court for the
Eastern District of New York.

---

SUBMITTED: JANUARY 2, 2025
DECIDED: AUGUST 11, 2025

---

Before: SULLIVAN, NARDINI, and MENASHI, *Circuit Judges.*

---

Defendant-Appellant Luis Rodriguez, proceeding *pro se* and *in forma pauperis*, appeals from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto,

*District Judge*) denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Although Rodriguez has not yet filed his appellate brief, and in fact no briefing schedule has yet been set, this case comes before us on Rodriguez's motion for the appointment of counsel and for a certificate of appealability.  Because 28 U.S.C. § 1915(e)(2)(B)(i) directs courts to dismiss an appeal brought *in forma pauperis* "if the court determines that . . . the action or appeal . . . is frivolous," we must first determine whether Rodriguez's appeal presents "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It does not.

Rodriguez is serving concurrent life sentences following his conviction on charges for the murder of two people, including a fourteen-year-old, and related drug and firearm offenses.  The district court denied compassionate release on the grounds that (1) Rodriguez had not shown extraordinary and compelling circumstances warranting a sentence reduction, and (2) even if he had, the 18 U.S.C. § 3553(a) sentencing factors—especially the seriousness of his offense and the need to protect the public—weighed against reducing his sentence.

We conclude that the district court acted well within its broad discretion in denying compassionate release.  Rodriguez's appeal therefore lacks an arguable basis either in law or in fact.  Accordingly, we DISMISS the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   Further, we DENY Rodriguez's motion for appointment of counsel as moot, and DENY his motion for a certificate of appealability, which is not required here.

---

2

Rebecca M. Schuman, Assistant United States Attorney, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

Luis Rodriguez, *pro se*, Atwater, CA, *Defendant-Appellant*.

WILLIAM J. NARDINI, *Circuit Judge*:

Defendant-Appellant Luis Rodriguez, proceeding *pro se* and *in forma pauperis*, appeals from a decision of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*) denying his motion for a sentence reduction (commonly known as "compassionate release") under 18 U.S.C. § 3582(c)(1)(A)(i). Although Rodriguez has not yet filed his appellate brief, and in fact no briefing schedule has yet been set, this case comes before us on Rodriguez's motion for the appointment of counsel and for a certificate of appealability. Because 28 U.S.C. § 1915(e)(2)(B)(i) directs courts to dismiss an appeal brought *in forma pauperis* "if the court determines that . . . the action or appeal . . . is frivolous," we must first determine whether Rodriguez's appeal presents "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It does not.

3

In 2006, a jury convicted Rodriguez of conspiring to distribute and possess with intent to distribute cocaine, of committing two murders in furtherance of that conspiracy, and of related firearm offenses. He was sentenced to life in prison. After his direct appeal and habeas petition were denied, Rodriguez moved for compassionate release, citing, among other factors, alleged errors committed by the district court at sentencing, the "punitive conditions of confinement" at the prison facility where he was then incarcerated, and his elevated risk of infection from COVID-19. The district court denied compassionate release, concluding that Rodriguez had not shown extraordinary and compelling circumstances warranting a sentence reduction, and that the 18 U.S.C. § 3553(a) sentencing factors—especially the seriousness of his offense and the need to protect the public—weighed against reducing his sentence.

Rodriguez is responsible for the murder of two people, including a fourteen-year-old, and he has committed dozens of infractions while in custody, including possessing a dangerous weapon, fighting, and assault. Even if Rodriguez had shown any extraordinary and compelling reasons to justify his release (and we agree with the district court that he has not), we would still conclude that the district court acted well within its broad discretion in denying compassionate release on the independent basis that the § 3553(a) factors foreclose a sentence reduction. Because Rodriguez has raised no arguable basis for challenging the district court's decision, we DISMISS the appeal as frivolous pursuant to 28 U.S.C.

4

§ 1915(e)(2)(B)(i). Further, we DENY Rodriguez's motion for appointment of counsel as moot, and DENY his motion for a certificate of appealability, which is not required here.

## I. Background

### A. Rodriguez's Offense Conduct, Conviction, and Sentence

In September 2000, Rodriguez and several others participated in a murder-for-hire plot to kill two men accused of stealing cash from a stash house belonging to a Brooklyn-based drug trafficking operation. Rodriguez volunteered to supervise the scheme; assisted in planning the murders, including by identifying the targets (who the conspirators later realized were not in fact the men who stole from the stash house); and was present at the scene when an associate shot and killed the mistakenly identified men. In February 2005, a grand jury indicted Rodriguez on six counts: one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; two counts of murder while engaged in a drug trafficking crime, in violation of 21 U.S.C. § 848(e)(1)(A); one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and two counts of using a firearm to commit murder, in violation of 18

5

U.S.C. § 924(j)(1).[1]  In November 2006, after a two-week trial, a jury convicted Rodriguez on all counts.

Several years of motion practice separated his conviction and sentencing.  In January 2007, Rodriguez—still represented by his trial counsel—moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, a new trial under Rule 33.  While that counseled motion was still pending, Rodriguez submitted a *pro se* motion for a new trial, based on a claim of newly discovered evidence, in May 2009.  On July 29, 2010, the district court (David G. Trager, *District Judge*) denied Rodriguez's pending motions and proceeded to sentence him principally to ten years in prison on the § 924(c) count to run concurrently with the life sentence imposed on each of the five other counts.

## B.  Rodriguez's Post-Trial Challenges to His Conviction

Once the judgment became final, Rodriguez began a series of challenges to his conviction.  On direct appeal, this Court affirmed Rodriguez's judgment of conviction in November 2012.  *United States v. Rodriguez*, 503 F. App'x 72, 74 (2d Cir. 2012).  After losing his direct appeal, Rodriguez filed a habeas petition in 2014, seeking to vacate his conviction under 28 U.S.C. § 2255.  The district court denied that motion in December 2020.  Rodriguez then moved for a certificate of

---

[1] Rodriguez has been in federal custody since 2001, when he was arrested on different federal drug charges.  This Court vacated his conviction on those charges (based on insufficient evidence), *see United States v. Rodriguez*, 392 F.3d 539, 549 (2d Cir. 2004), but he was indicted and ordered detained in this case before he could be released in the prior case.

appealability and appointment of counsel. This Court denied that motion and dismissed the appeal in August 2021, concluding that Rodriguez had not made a substantial showing of the denial of a constitutional right.

## C. Rodriguez's Motion for Compassionate Release

In April 2022, Rodriguez petitioned the warden of United States Penitentiary ("USP") Big Sandy in Inez, Kentucky, where he was then incarcerated, to file on his behalf in the district court a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

In February 2023, after receiving no response from the prison warden, Rodriguez filed his own motion for compassionate release. Rodriguez raised several reasons to justify a sentence reduction, including (1) his "[g]ood [c]onduct" and participation in "various courses and vocational trainings" while incarcerated; (2) the "punitive conditions of confinement" and presence of radon (a radioactive gas) at USP Big Sandy; (3) the need to avoid unwarranted sentencing disparities between Rodriguez and other, similarly situated defendants around the country; and (4) his elevated risk of severe infection from COVID-19 due to numerous chronic health conditions that the Bureau of Prisons had allegedly failed to adequately manage. Dist. Ct. Dkt. No. 262-2 at 4–16. He also argued that his two life sentences under 21 U.S.C. § 848(e) violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the question of whether death resulted from the underlying drug trafficking offense was not

7

submitted to the jury, and that the district court failed to consider his arguments at sentencing.  As relief, Rodriguez requested "immediate release" or, in the alternative, a sentence reduction to twenty-five years.  Dist. Ct. Dkt. No. 262-2 at 19.

The district court denied Rodriguez's motion on December 13, 2023, on two independent bases.  First, the court concluded that Rodriguez had not shown extraordinary and compelling reasons warranting a reduction of his sentence.  The court reasoned that while his participation in educational programming was commendable, he had incurred thirty disciplinary incidents while in custody, and, in any event, rehabilitation alone cannot support compassionate release.  The court also found that Rodriguez's medical conditions did not warrant release because all inmates faced the risk of COVID-19, his medical records showed that he was receiving regular medical attention, and the Probation Department reported that his medical needs could be easily managed by periodic clinician evaluations.  Further, the court found that his claims of radon exposure were unsupported and had been expressly denied by the prison warden.  Lastly, the court noted that the Probation Department did not believe that release was warranted.

As a second basis for denying relief, the district court also determined that the § 3553(a) factors weighed against reducing Rodriguez's sentence.  The court emphasized "the extreme seriousness of Mr. Rodriguez's offense and the need to protect the public," and cited his conviction for "the murder of two individuals" and his many "violations while in custody" as considerations that

8

"support Mr. Rodriguez completing his sentence." Dist. Ct. Dkt. No. 281 at 7. Moreover, the court declined to consider Rodriguez's collateral attacks on his conviction and sentence on the ground that a motion for compassionate release is an improper vehicle for such arguments, which had already been rejected on direct appeal and habeas review.

Rodriguez now appeals the denial of compassionate release. He also moves for appointment of counsel and a certificate of appealability ("COA"). He again contends that his sentence is unlawful because the sentencing judge did not give reasons for imposing five concurrent life sentences. He also raises three arguments specific to the district court's denial of compassionate release. First, he contends that the district court did not adequately consider his claim that he was being exposed to radon at USP Big Sandy. Second, he contends that the court disregarded his medical conditions and failed to hold an evidentiary hearing. Finally, he contends that the court improperly relied on a second addendum to the Presentence Report, which the court requested to ascertain the Probation Department's position on Rodriguez's motion, because he never received a copy of the addendum and had no opportunity to object to it.

## II.    Discussion

Under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a previously imposed sentence of imprisonment—an act

commonly known as "compassionate release"—upon finding that "extraordinary and compelling reasons warrant such a reduction." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Compassionate release is a three-part process. *See id*. First, the defendant must ask prison officials to file a motion for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1)(A). The defendant may file his own motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," 18 U.S.C. § 3582(c)(1)(A); however, the government may waive or forfeit this requirement, *United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021). Second, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Third, the defendant must establish "extraordinary and compelling reasons" for seeking relief that, considered in light of the § 3553(a) factors, justify a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The proffered reasons may "not simply constitute second-guessing of the sentence previously imposed." *Keitt*, 21 F.4th at 71.

"[A] district court's discretion in [deciding a compassionate release motion]—as in all sentencing matters—is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc) (noting a district court's "very wide latitude" in sentencing). In the compassionate release context—just as at the time of the original sentencing—"[t]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *Keitt*, 21 F.4th at 72 (internal quotation marks omitted) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)). If the court determines that the § 3553(a) factors weigh against a sentence reduction, it may deny the motion on that basis alone. *Id.* at 73. But if the court proceeds to determine whether the defendant has established extraordinary and compelling reasons justifying relief, the court may consider "the full slate" of reasons that the defendant proffers. *Brooker*, 976 F.3d at 237. The breadth of that slate, however, is not unlimited. For one, "rehabilitation [] *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added). And when "the straightforward application of canons of statutory construction removes certain claims from that slate," such as challenges to the validity of a conviction or sentence, "a district court may not consider them." *United States v. Fernandez*, 104 F.4th 420, 431–32 (2d Cir. 2024), *cert. granted*, No. 24-556, 2025 WL 1496486 (U.S. May 27, 2025).

This Court reviews the denial of a compassionate release motion for abuse of discretion. *See United States v. Halvon*, 26 F.4th

11

566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (quoting *Saladino*, 7 F.4th at 122).

## A. The District Court Did Not Abuse Its Discretion.

The district court's decision to deny Rodriguez's motion for compassionate release was amply justified. While we agree with the district court that Rodriguez has failed to identify any extraordinary and compelling reasons that warrant his release, we need not dwell on that issue because we conclude that the district court's § 3553(a) analysis provided an adequate and independent basis for denying a sentence reduction. It bears repeating that a district court has broad discretion in weighing the § 3553(a) factors in the context of a motion for compassionate release, and we owe that analysis considerable deference. *See Keitt*, 21 F.4th at 72; *see also Cavera*, 550 F.3d at 189 ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case."). As the district court noted, Rodriguez is responsible for two murders, including the murder of a fourteen-year-old child. The extreme seriousness of that conduct alone would have been a sufficient basis to determine that the § 3553(a) factors weighed against a sentence reduction. The district court also noted, however, that as of the time of its decision Rodriguez had committed no fewer than thirty disciplinary infractions while in custody. The Probation Department's Presentence Report reveals that those

12

infractions included possessing a dangerous weapon, fighting, and assault. In light of Rodriguez's pattern of misconduct in prison, along with the seriousness of his offense conduct, the district court determined that the need to protect the public was a second factor that weighed against a sentence reduction. This determination amply supported the district court's conclusion that the § 3553(a) factors foreclosed a grant of compassionate release.

## B. Rodriguez's Appeal Is Frivolous.

28 U.S.C. § 1915(e)(2)(B)(i) provides that when a case is brought *in forma pauperis* ("IFP"), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." "An appeal is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke*, 490 U.S. at 325).

Rodriguez's appeal raises no arguable basis for reversing the district court's decision. In fact, none of his arguments on appeal directly challenge the § 3553(a) analysis. In any event, his arguments lack any non-frivolous basis in law or in fact. For one thing, his collateral attack on the validity of his sentence is not properly raised in a compassionate release motion. *See Fernandez*, 104 F.4th at 427 (explaining that "the validity of a conviction or sentence can be challenged only on direct appeal or collateral review"). The merits-based challenges that he presented to the district court had, moreover, already been adjudicated and rejected. Accordingly, even if a district court were generally permitted to consider this type of claim in the

13

context of compassionate-release proceedings, the particular arguments that Rodriguez proffered against his sentence had already been found baseless. They would not, therefore, have provided an appropriate basis for reducing his sentence in this case.

His remaining arguments fare no better. The district court rejected Rodriguez's claim that he was being exposed to radon at USP Big Sandy because he presented no evidence to support the claim (which is still the case) and the prison warden, in expressly denying the claim, explained that the prison's air filtration system complied with all legal requirements. In any event, Rodriguez is now housed at a different facility, so this argument is moot, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). The court also carefully considered Rodriguez's medical condition and found, based on his medical records and the representations of the Probation Department, that he was receiving regular medical attention and that he was able to function within his prison facility. Further, Rodriguez did not request a hearing before the district court, and he cites no authority for the proposition that the court had an obligation to hold one. *See United States v. Figueroa*, 714 F.3d 757, 760 (2d Cir. 2013) (holding in the analogous context of a § 3582(c)(2) motion that "[a] court's resolution of a motion for a sentence reduction does not necessarily require a full resentencing hearing"). Rodriguez's final argument— that the district court improperly relied on the Probation Department's second addendum to the Presentence Report because he never received a copy of it and thus had no chance to object to it— also fails. Even assuming *arguendo* that Rodriguez never received a

copy of that addendum, he does not seriously contest any of the information from that document that the district court cited in its decision.

Because Rodriguez's appeal raises no arguable basis for reversing the district court's decision to deny compassionate release on the ground that the § 3553(a) factors foreclosed such relief, we dismiss the appeal as frivolous.[2]

Our opinion in *United States v. Fleming*, 5 F.4th 189 (2d Cir. 2021), does not preclude us from deciding in appropriate cases that an IFP appeal is frivolous. In *Fleming*, although we acknowledged that the defendant faced "an uphill battle" in his appeal of the district court's denial of compassionate release, we concluded that the appeal was not "so patently frivolous as to warrant affirmance without the benefit of full briefing." *Id.* at 194. But our determination that Fleming's appeal was not frivolous, given the particular circumstances of his case, does not mean that *no* appeals from denials of compassionate release are frivolous.

Our Court has regularly sorted the wheat from the chaff, sometimes dismissing IFP appeals from denials of compassionate release pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and sometimes allowing them to proceed. Even after *Fleming*, we have deemed a number of such appeals to be frivolous and consequently dismissed

---

[2] Because we dismiss Rodriguez's appeal, his motion for appointment of counsel is denied as moot. And because a COA is required only on a habeas appeal, *see* 28 U.S.C. § 2253, his motion for a COA is also denied.

15

them without full briefing. *See, e.g.*, *United States v. Jaber*, No. 24-2035, Dkt. No. 25 (2d Cir. Jan. 6, 2025) (dismissing IFP appeal from a denial of compassionate release as frivolous under § 1915(e)(2)(B)(i)); *United States v. Haskins*, No. 23-7528, Dkt. No. 37 (2d Cir. Sept. 26, 2024) (same); *United States v. Anthony*, No. 23-6089, Dkt. No. 42 (2d Cir. Aug. 3, 2023) (same). We will undoubtedly continue to follow this course in appropriate cases, which conforms with our usual practice for IFP appeals more generally. *See McGann v. Comm'r*, 96 F.3d 28, 30 (2d Cir. 1996) (noting the Court's "normal practice, where an appellant seeks [IFP] status on appeal, of making an initial determination of whether the appeal surmounts the standard of 'frivolousness'"). Indeed, § 1915(e)(2)(B)(i) *requires* a court to dismiss an IFP action or appeal if the court determines that it is frivolous. *See Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022) (explaining that a court is "statutorily obliged to dismiss" a frivolous action or appeal); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (noting that while the original IFP statute gave courts discretion to dismiss frivolous cases, Congress amended the statute in 1996 to *require* dismissal of such cases out of a deep concern that "frivolous and vexatious prisoner lawsuits both overburdened the judiciary and were unnecessarily costly for defendants").

Moreover, *Fleming* in no way diminished the level of deference that we owe a district court's assessment of the § 3553(a) factors in deciding a motion under § 3582(c)(1)(A). In fact, we had no occasion in that opinion to address the scope of a district court's discretion to decide such a motion. Where we did address the issue, such as in *United States v. Jones*, 17 F.4th 371 (2d Cir. 2021), and in *Keitt*, we

16

emphasized just how broad that discretion is.  Those cases made clear that a district court may "den[y] a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors." *Keitt*, 21 F.4th at 69; *see also Jones*, 17 F.4th at 374 ("a district court's reasonable evaluation of the § 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted)).  In light of our holdings in those cases, an appellant faces a heavy burden in challenging a district court's denial of compassionate release based on the § 3553(a) factors.[3]

This is an appropriate case for dismissal.  A determination of frivolousness, of course, is necessarily case-specific, and "we must be careful not to conflate '[e]asy cases' with 'inarguable or fanciful ones,' as only the latter warrant dismissal under § 1915(e)(2)(B)(i)."  *Id.* (quoting *United States v. Davis*, 598 F.3d 10, 13–14 (2d Cir. 2010)).  We consider each appeal on its own merits and distinguish between cases that raise potentially meritorious arguments that would benefit from full briefing (*e.g.*, where the defendant contends that he suffers from terminal illness and no longer presents a danger to the community) and those that do not (*e.g.*, where the defendant merely attacks the legitimacy of his conviction, an issue reserved for direct appeal or a habeas petition).  Here, we have no difficulty concluding that

---

[3] Indeed, in resolving Fleming's fully briefed appeal after *Jones* and *Keitt* had been decided, we affirmed the district court's denial of compassionate release, reasoning that the district court did not abuse its discretion in weighing the § 3553(a) factors, "which provide an independent ground on which we may affirm." *United States v. Fleming*, No. 20-1776-CR, 2022 WL 17543147, at *1 (2d Cir. Dec. 9, 2022) (citing *Jones*, 17 F.4th at 374).

Rodriguez's appeal lacks an arguable basis in law or in fact, for the reasons discussed above.

### III. Conclusion

In summary, we hold:

1. The district court acted well within its broad discretion by denying Rodriguez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction.

2. Rodriguez's appeal raises no arguable basis for reversing the district court's decision.

Accordingly, we DISMISS the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), DENY Rodriguez's motion for appointment of counsel as moot, and DENY his motion for a certificate of appealability, which is required only on a habeas appeal.